UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

IN RE: CHARLES R. GREFER,

                                              5:23-PF-5 (BKS)

                Respondent.

_____

Hon. Brenda K. Sannes, Chief U.S. District Judge:

## ORDER TO SHOW CAUSE

Respondent Charles Grefer[1] has filed nine pro se actions in the Northern District of New

York since December 27, 2022.[2] On September 8, 2023, United States District Judge Glenn T.

Suddaby, entered a Decision and Order referring Respondent Charles R. Grefer to the

undersigned "for consideration of whether to issue an Order to Show Cause directing him to

explain why a Pre-Filing Order should not be issued against him." *Grefer III*, 5:23-cv-0172, Dkt.

No. 17.[3] Senior United States District Judge Lawrence E. Kahn, has also referred Grefer to the

undersigned for consideration of a Pre-Filing Order. *Grefer IX*, 5:23-cv-00266, Dkt. No. 20.

_____

[1] Mail sent to Grefer at the address he provided to the Court has recently been returned as undeliverable. *See*, *e.g.*, *Grefer III*, 5:23-cv-0172, Dkt. No. 18, *Grefer V*, 5:23-cv-176, Dkt. No. 19, *Grefer VI*, 23-cv-00177, Dkt. No. 19, *Grefer VIII*, 5:23-cv-00179, Dkt. No. 18. According to the New York State Department of Corrections and Community Supervision ("DOCCS ") inmate lookup information, Plaintiff is currently incarcerated at Marcy Correctional Facility. *See* New York State DOCCS "Inmate Lookup" https://nysdoccslookup.doccs.ny.gov/ (last visited Dec. 12, 2023). The Court directs the Clerk to send this Order to Show Cause to Grefer (DIN # 23B3806) with a change of address form at the Marcy Correctional Facility as a one-time courtesy. Grefer must complete and file the change of address form in order to continue receiving mail relating to this case.
[2] *Grefer v. Cayuga Cnty. ("Grefer I")*, No. 9:22-cv-01400 (BKS/DJS) (N.D.N.Y. Dec. 27, 2022); *Grefer v. Cayuga Cnty. Sherriff ("Grefer II")*, No. 9:23-cv-00169 (DNH/ATB) (N.D.N.Y. Feb. 7, 2023); *Grefer v. Cornelius ("Grefer III")*, No. 5:23-cv-00172 (GTS/ATB) (N.D.N.Y. Feb. 7, 2023); *Grefer v. Chirco ("Grefer IV")*, No. 5:23-cv-00174 (BKS/ML) (N.D.N.Y. Feb. 7, 2023); *Grefer v. Cayuga Cnty. Sherriff Schenk ("Grefer V")*, No. 5:23-cv-00176 (GTS/ATB) (N.D.N.Y. Feb. 7, 2023); *Grefer v. Cayuga Cnty. ("Grefer VI")*, No. 5:23-cv-00177 (GTS/ATB) (N.D.N.Y. Feb. 7, 2023); *Grefer v. NYS Dep't/Bd. of Educ. ("Grefer VII")*, No. 5:23-cv-00178 (MAD/ATB) (N.D.N.Y. Feb. 7, 2023); *Grefer v. Valdina ("Grefer VIII")*, No. 5:23-cv-00179 (GTS/ATB) (N.D.N.Y. Feb. 8, 2023); *Grefer v. Smith ("Grefer IX")*, No. 5:23-cv-00266 (LEK/ML) (N.D.N.Y. Feb. 28, 2023). Respondent also filed a petition for relief pursuant to 28 U.S.C. § 2241. See *Grefer v. Schenck*, 9:22-cv-01389 (LEK/DJS) (N.D.N.Y. Dec. 27, 2022).
[3] Judge Suddaby issued an identical Decision and Order in *Grefer V*, No. 5:23-cv-00176, Dkt. No. 18, *Grefer VI*, No. 5:23-cv-00177, Dkt. No. 18, and *Grefer VIII*, No. 5:23-cv-00179, Dkt. No. 17.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

A review of CM/ECF shows that in the last fourteen months, Respondent has filed nine pro se actions. *See supra* note 1. All nine cases arise from the revocation of Respondent's counseling license, a pre-employment background check, arrest, and conviction in Cayuga County. Respondent sues Cayuga County, (*Grefer I*, *Grefer VI*), Schenk, the Cayuga County Sheriff, (*Grefer II*, *Grefer V*), Detective F. Cornelius, a detective with the Cayuga County Sheriff's Department, (*Grefer III*), Lloyd E. Hoskins, the Cayuga County Executive, (*Grefer I*, *Grefer VI*), Norman Chirco, Esq. and Jerrod W. Smith, Esq., (*Grefer IV*, *Grefer IX*), C. Valdina,

a Cayuga County Assistant District Attorney, (*Grefer VIII*), and the New York State Department
and Board of Education, (*Grefer VII*). All nine cases were dismissed at the pleading stage, prior
to service of the complaint or any appearance by any party. *Grefer I*, No. 9:22-cv-01400, Dkt.
No. 3 (entered Dec. 27, 2022) (directing administrative closure with opportunity to comply with
filing fee requirement); *Grefer II*, No. 9:23-cv-00169, Dkt. No. 19 (entered Dec. 7, 2023)
(denying motion to proceed IFP and dismissing for failure to pay filing fee)[4]; *Grefer III*, No.
5:23-cv-00172, Dkt. No. 19 (entered Dec. 7, 2023) (same); *Grefer IV*, No. 5:23-cv-00174, Dkt.
No. 13 (entered June 20, 2023) (dismissing action for failure to pay filing fee or file an amended
complaint demonstrating imminent danger); *Grefer V*, No. 5:23-cv-00176, Dkt. No. 20 (entered
Dec. 7, 2023) (denying motion to proceed IFP and dismissing for failure to pay filing fee);
*Grefer VI*, No. 5:23-cv-00177, Dkt. No. 20 (entered Dec, 7, 2023) (same); *Grefer VII*, No. 5:23-
cv-00178, Dkt. No. 16 (entered Aug. 2, 2023) (dismissing for failure to pay filing fee); *Grefer
VIII*, No. 5:23-cv-00179, Dkt. No. 19 (entered Dec. 7, 2023) (denying motion to proceed IFP and
dismissing for failure to pay filing fee); *Grefer IX*, No. 5:23-cv-00266, Dkt. No. 21 (entered Nov.
17, 2023) (dismissing for failure to prosecute under Fed. R. Civ. P. 41(b)).

In *Grefer I*, 9:22-cv-01400, Respondent alleged that the defendants, Cayuga County and
Cayuga County Executive Lloyd E. Hoskins, violated his Fourth, Fifth, Sixth, and Fourteenth
Amendment rights. *Id.,* Dkt. No. 1, at 1. According to the complaint, between December 15,
2021 and December 23, 2021, the Cayuga County Sheriff ordered Detective Cornelius to
conduct an "unauthorized unconsented pre-employment background check on Grefer resulting

---

[4] Respondent's applications for in forma pauperis ("IFP") status have been denied on the ground that Respondent
has accumulated three strikes under 28 U.S.C. § 1915(g) and failed to show he was entitled to the "imminent
danger" exception. *See, e.g.*, *Grefer III*, 5:23-cv-00172, Dkt. No. 8 (explaining that the dismissals of three of actions
filed by Respondent in the Western District of New York constituted three strikes (citing *Grefer v. Grant*, No. 6:19-
cv-6498 (EAW) (W.D.N.Y.) (Dkt. No. 24); *Grefer v. Morrocco*, No. 6:19-cv-6618 (EAW) (W.D.N.Y.) (Dkt. No.
26); *Grefer v. Director*, No. 6:20-cv-6054 (FPG) (W.D.N.Y.) (Dkt. No. 15)). Respondent was therefore required to
pay the court's filing fee of $402.00 in full as to each action.

in" Grefer being falsely charged "with filing a false instrument with intent to defraud." *Grefer I*, 9:22-cv-01400, Dkt. No. 1, at 1. *Grefer I* further alleged that this charge led to Respondent's prosecution by "Cayuga County Chief ADA Valdina," and a trial during which Grefer's right against unlawful searches, due process rights, right to a speedy trial by an impartial jury, and other constitutional rights were violated. *Id.* at 1–2.

The pleading in *Grefer II*, 9:23-cv-00169, is titled "Habeas Corpus Petition" and was filed against the Cayuga County Sheriff. *Grefer II*, Dkt. No. 1. The petition alleged that Detective Cornelius  "obtained 'evidence' via an illegal, unauthorized pre-employment background check" and then "falsif[ied] a felony complaint against [Respondent] by stating" that Respondent "committed a crime in in the city of Auburn, NY on 12/07/22 at 12 noon when [Respondent is documented to be in Batavia, NY . . . at said date and time." *Id.*, Dkt. No. 1, at 1. The petition further alleged that on "12/15/22, Cayuga County Judge Leone denied [Respondent] his right to pro se representation," and that his assigned counsel, Attorney Chirco, was ineffective "by refusing legal visits, calls, emails, ignoring letters, [and] refusing to submit motions." *Id.* United States District Judge David N. Hurd dismissed *Grefer II* as a duplicate of Respondent's pending petition for relief pursuant to 28 U.S.C. § 2241 in *Grefer v. Schenck*, 9:22-cv-1389 (LEK/DJS).[5]

In *Grefer III*, 5:23-cv-00172, Respondent alleged that the defendant, Detective F. Cornelius, violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by conspiring with Sheriff Schenk to perform an unlawful background check, conduct a "malicious arrest," and file false charges against Respondent. *Id.*, Dkt. No. 1, at 1. Specifically, Respondent alleged that Detective Cornelius falsely stated that Respondent "did commit a crime in Auburn, NY on

---

[5] Judge Kahn subsequently dismissed the petition without prejudice as premature and unexhausted. *Grefer v. Schenck*, 9:22-cv-01389, Dkt. Nos. 10, 11 (entering judgment on February 22, 2023, dismissing the petition).

12/7/2022 at 12 noon when he was 3 hours drive one-way west in Batavia, NY working at a

college." *Id.* According to the complaint, Respondent was "violated on parole," "fired from his

job," and evicted from his residence as a result of Detective Cornelius's conduct. *Id.*

      In *Grefer IV*, 5:23-cv-00174, Respondent sued Attorney Chirco, who had been assigned

to represent Respondent in the above-referenced criminal proceedings. *Grefer IV*, Dkt. No. 1.

Specifically, the complaint alleged that Chirco deprived Respondent of effective assistance of

counsel by failing to file "motions on Grefer's behalf on issues of a false accusatory instrument,"

Respondent's purported alibi, misconduct by the assistant district attorney and the Sheriff, and

illegally obtained evidence. *Grefer IV*, Dkt. No. 1, at 1.

      In *Grefer V*, 5:23-cv-00176, Respondent sued "Cayuga County Sheriff Schenk" for "loss

of liberty without due process." Dkt. No. 1, at 1. According to the complaint, Schenk ordered

Detective Cornelius "to perform an invasive physical and electronic background check" on

Respondent and to file a "falsified criminal complaint that resulted in [Respondent] being

reincarcerated by Parole Officer." *Id.*

      In *Grefer VI*, Respondent alleged that defendants Cayuga County and Cayuga County

Executive Hoskins violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. 5:23-cv-

00177, Dkt. No. 1, at 1–2. The factual allegations are identical to those alleged in *Grefer I*, 5:23-

cv-1400, Dkt. No. 1.

      In *Grefer VII*, 5:23-cv-00178, Respondent alleged that the defendant, the New York State

Board of Education ("NYSBE"), unlawfully searched and seized his professional counseling

license "and denied due process through the in activation process." *Id.*, Dkt. No. 1, at 1.

Specifically, Respondent alleged that the NYSBE revoked Respondent's counseling license

"without notice or due process depriving [Respondent] of his occupation and income," which led

"ultimately [to] legal difficulties resulting in a loss of liberty from 1/26/2022 through present." *Id.*

In *Grefer VIII*, 5:23-cv-00179, Respondent alleged that the defendant, Assistant District Attorney Valdina, violated Respondent's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *Id.*, Dkt. No. 1, at 1. Specifically, Respondent alleged that Valdina maliciously prosecuted him using "a falsified felony complaint, improper grand jury instruction, [and] lying to the Court about [Respondent's] offense, parole status, and counseling license. *Id.*

In *Grefer IX*, 23-cv-00266, Respondent alleged that the defendant, Attorney Jerrod W. Smith, violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *Id.*, Dkt. No. 1, at 1. According to the complaint, Attorney Smith had wrongly advised Respondent that "a 'previous conviction' question was illegal in NYS and that [Respondent's] NYS issued certificate of relief allowed [Respondent] to answer 'No' truthfully and legally to this question." *Id.* Respondent then hired "Attorney Smith to represent him in Auburn, NY against an E felony of filing a false instrument with intent to defraud in December of 2021." *Id.*

Respondent alleged that Attorney Smith failed to recognize Respondent's alibi defense, waived Respondent's right to a speedy trial "against [Respondent's] written and verbal direction," and was otherwise negligent in representing Respondent. *Id.* at 1–2.

As to the first and second factors, whether the respondent's litigation history reflect vexatious and duplicative lawsuits and whether the respondent was acting in good faith, *Eliahu*, 919 F.3d at 714, the Court concludes that Respondent's conduct in filing eight cases (*Grefer I*, *II*, *III*, *IV*, *V*, *VI*, *VIII*, *IX*), against various defendants, some of whom are named twice, *see Grefer I*, 9:22-cv-01400 (naming Cayuga County and Cayuga County Executive Hoskins); *Grefer VI*, 5:23-cv-00177 (same), all of which challenge the allegedly unlawful background check

performed by members of the Cayuga County Sheriff's Office and Respondent's subsequent prosecution, can fairly be labeled as vexatious and duplicative.[6] As all but one action was dismissed after Respondent's applications for in forma pauperis status were denied and Respondent failed to pay the filing fee, no Court in the Northern District has reached the merits of any of Grefer's actions. However, given that Respondent filed eight cases stemming from the same set of factual allegations within a 43-day time period, the Court cannot conclude Respondent was acting good faith. The third factor, whether the respondent was represented by counsel, *Eliahu*, 919 F.3d at 714, weighs against the issuance of a Pre-Filing Order, as Respondent has filed all nine actions pro se. The fourth factor, whether the respondent has imposed needless expense or burden on the court or others, *id.*, weighs in favor of a Pre-Filing Order. In filing nine actions, eight of which were duplicative, Respondent imposed needless expense and burden on the Court, including on the five United States District Court Judges and three Magistrate Judges who were required to address and dispose of his numerous complaints. The Court notes that none of Respondent's complaints appear to have been served, no defendant has appeared in any of Respondent's actions, and no defendant has been subjected to expenses or any burden in connection with Respondent's conduct. However, given the burden that has been imposed on the Court, this factor weighs in favor of  the issuance of a Pre-Filing Order. The final factor the Court must consider in determining whether to issue a Pre-Filing Order is whether other sanctions would be adequate to protect the court and other parties. *Id.* Here, the Court concludes that monetary sanctions would be ineffectual as Respondent, who has applied for IFP status and is presently incarcerated, appears to have no ability to satisfy a monetary sanction.

---

[6] Although *Grefer VII*, in which Respondent sued the NYSBE in connection with the loss of his counseling license does not explicitly challenge the above-mentioned events, it is not wholly unrelated as Respondent alleged that the NYSBE's conduct led to his later "legal difficulties resulting in a loss of liberty from 1/26/2022 through present." *Grefer VII*, 5:23-cv-00178, Dkt. No. 1, at 1.

Moreover, Respondent's accumulation of three-strikes and consequent loss of the ability to proceed IFP under most circumstances has not deterred Respondent from filing.

However, a Pre-Filing Order prohibiting Respondent from filing any further actions pro se may be overbroad at this juncture. Having carefully reviewed the record, the Court notes that the cases Respondent has filed in the Northern District principally stem from the Cayuga County Sheriff's Office's initiation of a pre-employment background check, the charges and prosecution resulting from the background check and the loss of his professional counseling license. Thus, an injunction prohibiting Respondent from filing further actions stemming from these events may be sufficient to protect the courts and other parties from Respondent's vexatious conduct. Accordingly, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any future pleadings or documents of any kind (including motions) arising from or concerning the Cayuga County Sheriff's pre-employment background check, the charges subsequently filed against Respondent, the trial, and convictions, and the loss of his professional counseling license in this District pro se without prior permission from the Chief Judge or his or her designee. Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from filing pro se any future pleadings or documents of any kind (including motions) arising from or concerning the Cayuga County Sheriff's pre-employment background check and the charges subsequently filed against Respondent, the trial, and convictions in this District, and the loss of his professional counseling license without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent Charles R. Grefer shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why he should not be enjoined from filing any

future pleadings or documents of any kind (including motions) arising from or concerning the Cayuga County Sheriff's pre-employment background check and the charges subsequently filed against Respondent, the trial, or convictions, and the loss of his professional counseling license in the Northern District of New York pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[7] and it is further

**ORDERED** that, if Grefer does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Grefer; and it is further

**ORDERED** that the Clerk shall mail a copy of the Referral Orders by Judges Suddaby and Kahn, *Grefer III*, 5:23-cv-0172, Dkt. No. 17, *Grefer IX*, 5:23-cv-00266, Dkt. No. 20, this Order to Show Cause, and a change of address form, to Grefer by certified mail at the address listed on the docket and to Grefer (DIN # 23B3806) at the Marcy Correctional Facility.

**IT IS SO ORDERED.**

Dated: December 12, 2023

Brenda K. Sannes
Chief U.S. District Judge

---

[7] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre- filing injunction to case that had been transferred from the District of Delaware). However, this injunction would not prohibit Respondent from filing a petition for relief pursuant to 28 U.S.C. § 2254.